UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                  Case No. 08-52086

DIGITAL GAS, INC.,                          Chapter 11

             Debtor.                                Judge Thomas J. Tucker
_____/

## ORDER DENYING DEBTOR'S MOTION TO REOPEN THIS CASE

This Chapter 11 case was dismissed by the Court more than ten years ago, by the Court's order entered on June 20, 2008 (Docket # 18, the "Dismissal Order"), and the case then was closed, on June 23, 2008.[1]

Now the case is before the Court on the Debtor's motion, filed October 1, 2018, entitled "Ex-Parte Application to Reopen a Closed Case Under 11 U.S.C. § 350(b)" (Docket # 20, the "Motion"). The Court construes the Motion, in substance, as a motion for reconsideration of, and for relief from, the Dismissal Order.

The Court finds that the Motion fails to demonstrate any basis under 11 U.S.C. § 350(b) for reopening this case, because reopening the case would serve no purpose. That is because the Motion fails to demonstrate any basis for the Court to reconsider or grant relief from the Dismissal Order. This is so for the following reasons.

**First,** the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

---

[1] This Chapter 11 case was the second of three bankruptcy cases filed by or against this Debtor in 2008, in this Court. The first case, filed under Chapter 11, was Case No. 08-51221, filed on May 7, 2008. That case was dismissed on May 8, 2008, because the bankruptcy petition was filed without the signature of an attorney representing this corporate debtor. *See* Order Dismissing Case (Docket # 5 in Case No. 08-51221).

Debtor's second case (this case, Case No. 08-52086), then was filed on May 16, 2008. Attorney Michael Zousmer signed and filed the bankruptcy petition for the Debtor. This case was dismissed, after the Court held a hearing on June 18, 2008, by an order entered on June 18, 2008 (Docket # 17), and an amended order entered on June 20, 2008 (Docket # 18). As the Court's orders stated, the dismissal was for the reasons stated by the Court on the record during the June 18, 2008 hearing.

Debtor's third and most recent bankruptcy case was an involuntary Chapter 11 case filed against the Debtor, which ultimately became a Chapter 7 case. That case was filed on June 20, 2008 (Case No. 08-54958), and is further described in this Order, below.

**Second,** the Court finds that the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the Dismissal Order.

**Third,** this same Debtor was a debtor in a Chapter 7 bankruptcy case which was filed *after* the dismissal of this Chapter 11 case — Case No. 08-54958.  That Chapter 7 case was filed on June 20, 2008, and ultimately closed on November 23, 2011, after the Chapter 7 Trustee filed a no-distribution report on February 1, 2011.[2]  Any motion to reopen a bankruptcy case concerning this Debtor, allegedly to administer assets or for any other reason, must be filed in the Debtor's more recent, but long-closed Chapter 7 case.[3]

**Fourth,** to the extent the Motion is, in substance, a Rule 60(b) motion, the Motion is untimely, because it was not filed within one year after, or within a "reasonable time" after, the Dismissal Order, as required for a Rule 60(b) motion.  *See* Fed. R. Civ. P. 60(c)(1), Fed. R. Bankr. P. 9024.  As noted above, the Motion was filed more than 10 years after the entry of the Dismissal Order.

NOW, THEREFORE,

IT IS ORDERED that the Motion (Docket # 20) is denied.

**Signed on October 2, 2018**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[2] The case was filed initially as an involuntary case under Chapter 11.  An Order for Relief under Chapter 11 was entered on August 29, 2008 (Docket # 20 in Case No. 08-54958).  The case later was converted to Chapter 7, by the Court's Order filed November 12, 2008 (Docket # 82 in Case No. 08-54958).  The case then remained in Chapter 7 until it was closed, three years later.  The Chapter 7 Trustee was K. Jin Lim.

[3] By making this point, however, the Court does not mean to imply or suggest that any such motion to reopen the Chapter 7 case could or would be granted.  The Court expresses no view on that question at this time.    But if counsel for the Debtor believes that there are assets of the bankruptcy estate in the Debtor's closed Chapter 7 case that should be administered, he should raise that with the former Chapter 7 Trustee and the United States Trustee.